IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOEL AARON BURRELL,**

    Plaintiff,

v.                                                                                Civil Action No. **3:22CV801 (RCY)**

**RANDY MAYER,**

    Defendant.

**MEMORANDUM OPINION**

Joel Aaron Burrell, Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on March 23, 2023, the Court granted Burrell leave to proceed *in forma pauperis*. (ECF No. 11, at 1.) As explained below, Burrell's extensive litigation history reflects that it was incorrect to grant Burrell leave to proceed *in forma pauperis*. Accordingly, the March 23, 2023 Memorandum Order will be VACATED.

The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Given the above restrictions, the Affidavit in Support of Request to Proceed *In Forma Pauperis*, which the Court sent to Burrell, required Burrell to: "List all of your prior cases that were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted . . . ." (ECF No. 7, at 2.) Burrell listed a single case, "Burrell v. Unknown, No. 1:18cv140 . . . ." (*Id.*) That statement is incorrect.

At the time Burrell requested to proceed *in forma pauperis* in the present action, Burrell had more than three civil actions dismissed for failure to state a claim upon which relief can be granted.

> On at least three occasions, [Burrell] has had civil actions dismissed pursuant to 28 U.S.C. § 1915A(b)(1): *Burrell v. Commonwealth of Virginia*, No. 1:18cv140 (E.D. Va. Feb. 12, 2018) (dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)); *Burrell v. Anderson, et al.*, No. 1:21cv864, 2022 WL 3053763, 2022 U.S. Dist. LEXIS 139192 (E.D. Va. June 29, 2022) (dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)), *aff'd*, Nos. 22-6870, 22-6950, 2022 WL 17819306, 2022 U.S. App. LEXIS 35139 (4th Cir. Dec. 20, 2022); and *Burrell v. Schofield, et al.*, No. 1:21cv865 (E.D. Va. July 29, 2021) (dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915 A(b)(1)), *appeal dismissed*, *Burrell v. Pilot*, 2021 U.S. App. LEXIS 32364 (4th Cir. Oct. 28, 2021). "A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice." *Lomax v. Ortiz-Marquez*, ––– U.S. –––, 140 S. Ct. 1721, 1727, 207 L.Ed.2d 132 (2020).

*Burrell v. Shirley*, No. 1:22CV716 (TSE/WEF), 2023 WL 5228958, at *1 n.1 (E.D. Va. July 20, 2023).

Furthermore, providing false or inaccurate information regarding past lawsuits is "in-and-of itself, a valid ground for dismissing a complaint" or denying leave to proceed *in forma pauperis*. *See Brown v. Saintavil*, No. 2:14–CV–599–FtM–29DNF, 2014 WL 5780180, at *2 (M.D. Fla. Nov. 5, 2014) (citing *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010); *Young v. Secretary Fla. for Dep't of Corr.*, 380 F. App'x 939 (11th Cir. 2010)). Burrell's "lack of candor in his application to proceed *in forma pauperis* is unacceptable." *In re Forrest*, 403 F. App'x 768, 769 n.1 (3d Cir. 2010). Burrell was obliged to inform the Court of his prior strikes under 28 U.S.C. § 1915(g). *Id.* Burrell's deliberate omissions regarding his litigation history warrants the denial of his request to proceed *in forma pauperis*.

Furthermore, at the time he filed this action, Burrell was not in imminent danger of serious physical harm, and thus his request to proceed *in forma pauperis* should have been denied. *See* 28 U.S.C. § 1915(g). Accordingly, Burrell's request to proceed *in forma pauperis* will be DENIED. The action will be DISMISSED WITHOUT PREJUDICE. Burrell remains free to file a new complaint with the $402.00 filing fee.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 29, 2023
Richmond, Virginia