IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOEL AARON BURRELL,**
    Plaintiff,

v.                                                Civil Action No. **3:22CV801 (RCY)**

**RANDY MAYER,**
    Defendant.

**MEMORANDUM OPINION**

Joel Aaron Burrell, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on March 23, 2023, the Court granted Burrell leave to proceed *in forma pauperis*. (ECF No. 11, at 1.) By Memorandum Opinion and Order entered on September 29, 2023, the Court vacated the March 23, 2023 Memorandum Order. *Burrell v. Mayer*, No. 3:22CV801 (RCY), 2023 WL 6445858, at *1 (E.D. Va. Sept. 29, 2023). The Court concluded that Burrell was not entitled to proceed *in forma pauperis* because he had more than three actions that had been dismissed for failure to state a claim and provided false or inaccurate information about his prior cases. *Id.* The matter is before the Court on Burrell's Motions for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motions," ECF Nos. 32, 34). For the reasons set forth below, the Rule 60(b) Motions will be DENIED.

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm*

*Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

In his Rule 60(b) Motions, Burrell insists that the Court improperly concluded that he had three or more actions that had been dismissed for failure to state a claim. Burrell fails to demonstrate any exceptional circumstances warrant consideration of his Rule 60(b) Motions. Indeed, as noted above, a Burrell cannot utilize Rule 60(b) to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc.*, 57 F.3d at 401 (citing *Williams*, 674 F.2d at 313); *Lee X v. Casey*, 771 F. Supp. 725, 728 (E.D. Va. 1991) ("A Rule 60(b) motion is not authorized when it is nothing more than a request for the district court to change its mind." (citing *Williams*, 674 F.2d at 313)). In a separate action filed by Burrell, the Court rejected the arguments Burrell raises here claiming that the Court incorrectly determined that he has three strikes under 28 U.S.C. § 1915(g). *See Burrell v. Wellpath Corp.*, No. 3:23CV398 (RCY), 2023 WL 8281682, at *1 (E.D. Va. Nov. 30, 2023) (observing that the "Fourth Circuit recently agreed with th[e] assessment [that Burrell had three strikes] and denied Burrell the ability to proceed *in forma pauperis* on appeal in a different case" (citing *Burrell v. Mayer*, No. 23–7034, at 1 (4th Cir. Nov. 9, 2023))). Accordingly, Burrell's Rule 60(b) Motions (ECF Nos. 32, 34) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: April 18, 2024
Richmond, Virginia

2